# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| QUALITY PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VERKA FOOD PRODUCTS LTD., a Canadian company; RESHMI'S GROUP INC., a Washington company; SANJAY KUMAR, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | No.<br><br>COMPLAINT FOR<br>(1) FEDERAL TRADEMARK INFRINGEMENT;<br>(2) CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;<br>(3) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION; AND<br>(4) STATE AND COMMON LAW UNFAIR COMPETITION<br><br>JURY TRIAL DEMAND<br>[FRCP 38] |

Plaintiff Quality Products, Inc. ("Plaintiff" or "Quality Products") hereby files this Complaint against Verka Food Products LTD. ("VFP"), Reshmi's Group Inc. ("Reshmi's") and Sanjay Kumar, and alleges as follows:

## THE NATURE OF THE ACTION

1. This is a suit by Quality Products against VFP, Reshmi's and Sanjay Kumar (hereafter collectively referred to as "Defendants") for federal trademark infringement and

---

1

COMPLAINT

THOITS, LOVE, HERSHBERGER & McLEAN
285 Hamilton Avenue, Suite 300
PALO ALTO, CALIFORNIA 94301
(650) 327-4200

contributory trademark infringement, unfair competition in violation of the Federal Lanham Act; and common law trademark infringement for their commercial use and exploitation of trademarks confusingly similar to Quality Products' Verka trademark. Quality Products hereby seeks (1) injunctive relief against Defendants' continued unauthorized and improper use and commercial exploitation of any trademark confusingly similar to Quality Products' Verka trademark on or in connection with the sale of any food products; and (2) all damages arising from Defendants' past and present infringement and reimbursement of Quality Products' attorney's fees and costs for having to bring this suit to enforce its trademark rights.

## THE PARTIES

2.  Plaintiff Quality Products is a California corporation with its principal place of business located at 1850 South Tenth Street, Suite 22, San Jose, California, 95112. Quality Products has used its federally registered Verka Mark throughout the United States in connection with the sale of dairy products since long prior to defendant VFP's adoption of its infringing Verka trademark and Quality Products has attempted to address the infringement.

3.  On information and belief, Defendant Verka Food Products Ltd. is a Canadian company with its principal place of business located at Unit 46-48, 13320 78th Ave., Surrey, BC, Canada V3W 0H6, and which advertises, promotes, and offers for sale its products in the United States, and within this District.

4.  On information and belief, Defendant Reshmi's Group Inc. is a Washington corporation with its principal place of business located at 4154 South 332nd Place, Federal Way Washington, 98001-5154, and which advertises, promotes, and offers for sale its products in the United States, and within this District.

5.  On information and belief, Defendant Sanjay Kumar is an individual residing in the State of Washington, who is a principal, officer and/or director or Reshmi's.

6.  Quality Products is unaware of the true names and capacities of defendants sued herein as Does 1 through 20, inclusive, and therefore sues these defendants by such fictitious

names. Quality Products will amend the complaint to allege their true names and capacities when ascertained. Quality Products is informed and believes and, based upon such information and belief, alleges that each of the fictitiously named defendants is legally responsible in some manner for the occurrences herein alleged, and that Quality Products' losses as herein alleged were proximately caused by such wrongful acts and omissions.

7. At all relevant times herein mentioned, each of the defendants was the agent, employee, associate and/or partner of each of the remaining defendants and, in doing the things herein alleged, was acting within the purpose, scope and course of such agency, employment, association or partnership.

## JURISDICTION

8. Quality Products' claims for Federal Trademark Infringement and False Designation of Origin arise under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over the claims for unfair competition asserted in the action pursuant to 28 U.S.C. § 1338(b).

9. This Court has supplemental jurisdiction over the claims that arise under the statutory and common law of the States of California and Washington pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same controversy and derive from a common nucleus of operative facts.

## VENUE

10. On information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants have committed the acts complained of in the United States and in this District, have caused damage to Quality Products in the United States and in this District and are subject to personal jurisdiction in this District.

11. Upon information and belief, Quality Products alleges that Defendants' conduct business in interstate commerce in the United States and/or, conduct business or purposefully direct their business to Washington and this District; that the claims alleged herein arise from

Defendants' acts or omissions in the United States and in or purposefully directed to Washington and this District; that Defendants purposefully direct their activities to residents in the United States, Washington and this District; and that Defendants' acts or omissions have damaged Quality Products and its property in the United States, in California, Washington and in this District.

## FACTUAL BACKGROUND

### Quality Products' Verka Mark

12. Quality Products manufacturers and distributes dairy products and sells its products to retailers who then resell these products to their customers. Quality Products uses its Verka trademark ("Verka Mark") in connection with its branded products.

13. Upon information and belief, with the exception of unauthorized uses, Quality Products has had the exclusive right to use the Verka Mark in commerce and Quality Products' use has been exclusive since it first adopted the Verka Mark.

14. Quality Products has sold hundreds of thousands of dollars worth of products under the Verka Mark and has expended a great deal of time and effort and resources in the promotion and advertisement of its products sold and offered for sale under the Verka Mark.

15. As a result of Quality Products' long and continuous use of the Verka Mark in connection with dairy products, and as a result of Quality Products' advertising, promotion, and sale of dairy products under its Verka Mark, the consuming public has come to recognize the Verka Mark as identifying Quality Products when used in connection with food products. Quality Products derives substantial goodwill and value from this recognition, association, and identification by the consuming public.

16. While Quality Products has gained common law trademark rights through its use, advertising and promotion, Quality Products has also sought to protect its valuable trademark by filing for and obtaining a federal trademark registration for the Verka Mark, Federal Registration No. 3135724, for goods in International Class 29, Dairy products, namely, cheese, yogurt,

yogurt milk and clarified butter. A selected printout regarding this registration from the Patent and Trademark Office database is attached as Exhibit A.

17. The Verka Mark is in full force and effect and has become incontestable in accordance with Section 15 of the Lanham Act, 15 D.S.C. § 1065 and constitutes conclusive evidence of Quality Products' exclusive right to use the Verka Mark in connection with the products recited in the registrations.

18. Quality Products has not licensed or otherwise consented to the use of the Verka Mark or any confusingly similar trademark by Defendants.

### Defendants' Wrongful and Infringing Conduct

19. Upon information and belief, Quality Products alleges that VFP uses a Verka mark ("Verka Infringing Mark") in connection with the advertisement and sale of food products.

20. Upon information and belief, Quality Products alleges that VFP advertises and markets its goods to companies such as Reshmi's, among other retailers and distributors. Upon information and belief, Quality Products alleges that food products sold under the Verka Infringing Mark may also be purchased on-line. Attached as Exhibit B is a true and correct copy of packaging material for a food product sold under the Verka Infringing Mark that was purchased from Reshmi's. Upon information and belief, Quality Products alleges that VFP targets the same consumers that purchase Quality Products' products and sells its products through the same channels of trade as Quality Products.

21. Upon information and belief, Quality Products alleges that VFP's use of the Verka Infringing Mark in connection with the advertisement and sale of food products, including but not limited to dairy products, is confusingly similar to the Verka Mark.

22. Upon information and belief, Quality Products alleges that VFP only recently began using the Verka Infringing Mark, many years after Quality Products began using the Verka Mark.

23. VFP has been put on notice that the Verka Infringing Mark infringes Quality

Products' federal, state, and/or common law trademarks, yet it refuses to discontinue such infringing use. On December 13, 2010, after Quality Products learned that VFP contacted distributors within the United States and falsely represented that it was sponsored by or affiliated with Quality Products, Quality Products, through its attorneys, sent VFP a letter requesting that VFP cease its deceptive and infringing activities. VFP never responded to this letter. In response to a separate incident whereby VFP food products bearing the Verka Infringing Mark were being sold by Reshmi's, Quality Products, through its attorneys, sent another letter to VFP on or about January 3, 2011 requesting that VFP provide written assurances that it would cease its deceptive and infringing activities. To date, Quality Products has received no response from VFP.

24. Similar to VFP, Reshmi's has also been put on notice that it is infringing Quality Products' intellectual property rights by selling food products under the Verka Infringing Mark. On or about January 26, 2011, Quality Products, through its attorneys, sent Reshmi's a letter requesting that it cease and desist from selling any food products under any trademark bearing the name Verka which were not supplied by Quality Products. Reshmi's never responded to this letter, so in February 2011, Quality Products sent a representative to Reshmi's retail store to try to amicably resolve the dispute. Instead of agreeing to cease distributing food products bearing the Verka Infringing Mark as requested, Mr. Sanjay Kumar of Reshmi's instead indicated that Reshmi's would not cease its deceptive and infringing activities unless and until Quality Products filed a legal action against Reshmi's and obtained a court order prohibiting further infringement.

25. Upon information and belief, in committing these unlawful acts Defendants have, among other things, willfully and in bad faith: (i) infringed Quality Products' rights in its Verka Mark; (ii) misled the public into associating VFP and its food products with Quality Products; (iii) on or in connection with its goods, used in commerce false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact; and (iv) harmed Quality Products' goodwill and business reputation. Unless enjoined, Defendants will

continue to cause such irreparable harm to Quality Products.

## FIRST CLAIM FOR RELIEF
(Infringement of Federally Registered Trademarks, 15 U.S.C. § 1114(1) Against All Defendants)

26. Quality Products realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

27. Defendants, without Quality Products' consent, have used trademarks confusingly similar to the Verka Mark in commerce on or in connection with the sale, offering for sale, distribution, promotion and/or advertising of their good and/or services, and such use is likely to cause confusion, or to cause mistake or to deceive.

28. Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Quality Products' exclusive rights in the Verka Mark, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

29. As a result of Defendants' trademark infringement, Quality Products has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the Verka Mark, and the goodwill associated therewith, for which it has no adequate remedy at law.

30. Due to the acts of Defendants, Quality Products has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their acts and infringement.

31. As the acts alleged herein constitute infringement of the Verka Mark under 15 U.S.C. § 1114, and as Quality Products has no adequate remedy at law, Quality Products is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

...
...
...

## SECOND CLAIM FOR RELIEF
### (Contributory Trademark Infringement and Unfair Competition Against Reshmi's and Sanjay Kumar)

32. Quality Products realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

33. At the time that Reshmi's sold food products bearing the Verka Infringing Mark, Reshmi's and Sanjay Kumar had constructive and actual notice of Quality Products' superior rights in the Verka Mark.

34. By virtue of such conduct, Reshmi's and Sanjay Kumar are contributorily liable for VFP's deceptive and infringing acts of trademark infringement and unfair competition under federal and common law arising out of Defendants' use of the Verka Infringing Mark in association with the sale of food products.

35. Upon information and belief, Reshmi's and Sanjay Kumar's acts have been committed willfully and with knowledge of Quality Products' exclusive federal and common law rights and goodwill in the Verka Mark as well as bad faith and the intent to cause confusion, or to cause mistake, and/or to deceive.

36. Reshmi's and Sanjay Kumar's wrongful acts have caused and will continue to cause great and irreparable injury and damage to Quality Products and to the goodwill in the Verka Mark, which injury and damage cannot be quantified, and unless this court restrains Reshmi's and Sanjay Kumar from further commission of said acts, Quality Products will continue to suffer substantial irreparable injury for which it has no adequate remedy at law.

37. As a result of Reshmi's and Sanjay Kumar's willful and intentional inducement of VFP's infringement, this action constitutes an exceptional case under 15 U.S.C. §1117(a).

38. Reshmi's and Sanjay Kumar's acts were in bad faith, in conscious and deliberate disregard of Quality Products' rights, and were performed with the intention of depriving Quality Products of its rights. Accordingly, Reshmi's and Sanjay Kumar's conduct merits, and Quality Products seeks, an award of punitive damages in an amount sufficient to punish Reshmi's and

1  Sanjay Kumar and deter such conduct in the future.

## THIRD CLAIM FOR RELIEF
(Unfair Competition/Trademark Infringement, 15 U.S.C. § 1125 (a)(1)(A) Against All Defendants)

39. Quality Products realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

40. Defendants, without authorization, on or in connection with their goods and services, used in commerce the Verka Infringing Mark that is confusingly similar to the Verka Mark and that constitutes false designation of origin, false or misleading representation of fact and/or unfair competition and is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of VFP with Quality Products and/or as to the origin, sponsorship, affiliation or approval of VFP's goods or services or commercial activities.

41. Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Quality Products' exclusive common law rights and goodwill in the Verka Mark as well as bad faith and the intent to cause confusion, or to cause mistake, and/or to deceive.

42. Defendants' conduct alleged herein infringes Quality Products' common law trademark rights, and constitutes common law trademark infringement of Quality Products' proprietary rights, as well as false designation of origin, false or misleading representation of fact and/or unfair competition.

43. Quality Products has suffered, and, if Defendants are not enjoined from their wrongful acts of trademark infringement, false designation of origin, false or misleading representation of fact and/or unfair competition as described herein, Quality Products will continue to suffer great and irreparable injury, loss and damage to its right in and to the Verka Mark and the goodwill associated therewith, for which it has no adequate remedy at law.

44. Due to the acts of Defendants, Quality Products has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined,

Defendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their acts of infringement.

45. As the acts alleged herein violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and as Quality Products has no adequate remedy at law, Quality Products is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

### FOURTH CLAIM FOR RELIEF
(Common Law Trademark Infringement)

46. Quality Products realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

47. In addition to the federal registration owned by Quality Products as set forth above, Quality Products owns and uses the Verka Mark and enjoys common law rights in California, Washington and throughout the United States in and to the Verka Mark on its goods set forth above, and thus those rights are senior and superior to any rights which VFP may claim in and to its Verka Infringing Mark.

48. Upon information and belief, Defendants' acts have caused or are likely to cause confusion regarding the source VFP's products, in that purchasers will be likely to associate, or have such products associated with, as originating with, or approved by Quality Products, all to the detriment of Quality Products.

49. Upon information and belief, Defendants willfully intended to trade on the reputation of the Verka Mark and to cause confusion as to the source of VFP's products.

50. Defendants' wrongful acts have caused and will continue to cause great and irreparable injury and damage to Quality Products and to the goodwill in the Verka Mark, which injury and damage cannot be quantified, and unless this court restrains Defendants from further commission of said acts, Quality Products will continue to suffer substantial irreparable injury for

which it has no adequate remedy at law.

51.  As a result of Defendants' wrongful acts, Quality Products has suffered and will continue to suffer loss of income, profits and valuable business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of its wrongful acts.

52.  As the acts alleged herein constitute a willful violation of California and Washington State common law, Quality Products is entitled to injunctive relief as well as monetary damages and other remedies, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

Quality Products respectfully requests the following relief:

1.  That the Court rule as follows:

    a.  That Defendants' use of the Verka Infringing Mark infringes Quality Products Verka Mark;

    b.  Defendants' use of the Verka Infringing Mark constitutes unfair competition;

    c.  That Defendants be permanently enjoined, along with their servants, employees, successors, licensees, transferees, representatives and/or assignees, and any persons in active concert or participation with them, from using, displaying, advertising, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, signage, domain names or website, the Verka Infringing Mark, the Verka Mark and/or any mark containing the word "Verka" or that is otherwise confusingly similar to the Verka Mark;

2.  That Defendants, pursuant to U.S.C. § 1118, be ordered to deliver up for destruction all labels, signs, prints, packaging and other materials in the possession of Defendants bearing the Verka Infringing Mark and/or any mark containing the word "Verka" or that is otherwise confusingly similar to the Verka Mark;

3.  That Quality Products be awarded damages in the amount that Quality Products has

1  been harmed by Defendants' infringement and unfair business practices, in an amount to be
2  proven at trial;

3      4.    That Defendants be ordered to provide an accounting and disgorgement of their
4  profits from their infringing and unfair business activity;

5      5.    That Defendants have willfully and deliberately committed acts of trademark
6  infringement against Quality Products;

7      6.    As to all claims, that Quality Products be awarded damages, including Defendants'
8  profits and all actual damages trebled, reasonable attorney's fees, costs and prejudgment interest;
9  and

10     7.    That Quality Products be granted such other further relief as the Court may deem
11 just and proper.

12 Dated: March 26, 2011.

LAW OFFICE OF K.D. LONG, PLLC
**Attorneys for Plaintiff Quality Products, Inc.**

By   *s/Kathleen D. Long*
Kathleen D. Long / WA Bar No. 38317
1741 First Avenue South, Suite 200
Seattle, Washington 98134
Telephone:  (206) 569-0314
Facsimile:  (206) 569-0313
E-mail:  klong@klonglaw.com

THOITS, LOVE, HERSHBERGER & McLEAN
**Attorneys for Plaintiff Quality Products, Inc.**

By   *s/Andrew P. Holland*
Andrew P. Holland/ CA Bar No. 224737
A Professional Law Corporation
285 Hamilton Avenue, Suite 300
Palo Alto, California 94301
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572
E-mail:  aholland@thoits.com

# EXHIBIT A

Int. Cl.: 29

Prior U.S. Cl.: 46

Reg. No. 3,135,724

**United States Patent and Trademark Office**    Registered Aug. 29, 2006

## TRADEMARK
PRINCIPAL REGISTER

# VERKA

QUALITY PRODUCTS, INC. (CALIFORNIA CORPORATION)

2878 PRUNE AVE., STE. D

FREMEONT, CA 94539

FOR: DAIRY PRODUCTS, NAMELY, CHEESE, YOGURT, YOGURT MILK AND CLARIFIED BUTTER, EXCLUDING ICE CREAM, ICE MILK AND FROZEN YOGURT, IN CLASS 29 (U.S. CL. 46).

FIRST USE 12-6-2002; IN COMMERCE 12-6-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,810,753 AND 2,899,544.

THE ENGLISH TRANSLATION OF THE WORD "VERKA" IN THE MARK IS "TO WORK".

SER. NO. 78-714,408, FILED 9-16-2005.

ASMAT KHAN, EXAMINING ATTORNEY

# EXHIBIT B

**INGREDIENTS:** Milk, Citric Acid, Calcium Chloride, Potassium Sorbate, Xanthan Gum, Guar Gum

**INGREDIENTS:** Lait, Acide Citrique, Chlorure De Calcium, Sorbate de Potassium, Gomme De Xanthane, Gomme De Guar

**VERKA FOOD PRODUCTS LTD.**
RICHMOND, BC, CANADA V6V1Z9
www.verkafoods.com

verka

Reg.No.4434

**Paneer** पनीर

100% HOME MADE STYLE

Net Weight / Poids Net : 400g

PRODUCT OF CANADA / PRODUIT DU CANADA

8 84282 10001 2

USE WITHIN FIVE DAYS OF OPENING
UTILISER DANS CINQ JOURS D'OUVERTURE

Pure Desi Ghee, Verka Paneer, Verka Dahi, Verka Khoa, Verka Lassi, Verka Milk, Verka Kheer, Verka Kulfi

KEEP REFRIGERATED
GARDE RÉFRIGÉRÉ